IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02415-BNB

CLAUDE GRAYWOLF McCLAIN,

    Plaintiff,

v.

DIRECTOR MR. CHARLES SAMMUAL, JR.,
WARDEN MS. D. DENHAM,
ASST. WARDEN MS. NANNCY McKINNEY,
MEDICAL-MD MR. KRAUSS,
MEDICAL EYE DOCTOR UNKNOWN,
UNIT MANAGER MRS. R. HUFAGLE,
CASE MANAGER MRS. L. ASAY, and
COUNSELOR MR. P. CAMPANELL,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Claude Graywolf McClain, is a prisoner in the custody of the Federal Bureau of Prisons at the Federal Correctional Institution at Englewood, Colorado. Mr. McClain has filed *pro se* a Prisoner Complaint (ECF No. 1) claiming his rights under the United States Constitution have been violated. He seeks damages as relief.

    The court must construe the Prisoner Complaint liberally because Mr. McClain is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. McClain will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The Prisoner Complaint is deficient. First, Mr. McClain fails to provide an address for each Defendant. Mr. McClain must provide a complete address so that each Defendant may be served properly.

The Prisoner Complaint also is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. McClain fails to provide a short and plain statement of his claims showing that he is entitled to relief because he fails to allege clearly and concisely how each Defendant personally participated in the asserted constitutional violations. Because Mr. McClain is asserting his claims against Defendants in their individual capacities,

allegations of "personal participation in the specific constitutional violation complained of [are] essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011).  Mr. McClain's vague assertions that he has been denied proper medical treatment by "medical staff" do not demonstrate what each named Defendant did that allegedly violated his constitutional rights.

For these reasons, Mr. McClain will be ordered to file an amended complaint. For each claim he asserts in the amended complaint, Mr. McClain "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. McClain file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. McClain shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. McClain fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED September 23, 2014, at Denver, Colorado.

BY THE COURT:

  s/ Boyd N. Boland
United States Magistrate Judge