IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02415-BNB

CLAUDE GRAYWOLF McCLAIN,

     Plaintiff,

v.

DIRECTOR CHARLES SAMMUAL, JR.,
WARDEN MS. D. DENHAM,
ASST. WARDEN MS. NANNCY McKINNEY,
MEDICAL DOCTOR MR. KRAUSS, M.D.,
MEDICAL EYE DOCTOR UNKNOWN, D.O.D.,
UNIT MANAGER MRS. R. HUFAGLE,
CASE MANAGER MS. L. ASAY, and
UNIT COUNSELOR MR. P. CAMPANELLI,

     Defendants.

---

ORDER OF DISMISSAL

---

Plaintiff, Claude Graywolf McClain, is a prisoner in the custody of the Federal

Bureau of Prisons at the Federal Correctional Institution at Englewood, Colorado.  Mr.

McClain initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) claiming

that his rights under the United States Constitution have been violated.  On September

23, 2014, Magistrate Judge Boyd N. Boland ordered Mr. McClain to file an amended

complaint that clarifies the claims he is asserting.  Magistrate Judge Boland specifically

determined that the complaint did not comply with the pleading requirements of the

Federal Rules of Civil Procedure because Mr. McClain failed to provide a short and

plain statement of his claims showing he is entitled to relief.  Magistrate Judge Boland

warned Mr. McClain that, if he failed to file an amended complaint that complies with the

pleading requirements of the Federal Rules of Civil Procedure, the action would be dismissed without further notice.  On September 30, 2014, Mr. McClain filed an amended Prisoner Complaint (ECF No. 14).

The Court must construe the amended Prisoner Complaint liberally because Mr. McClain is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, the action will be dismissed.

The Court has reviewed the amended Prisoner Complaint and finds that Mr. McClain still fails to comply with the pleading requirements of the Federal Rules of Civil Procedure.  The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Rule 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, .

. . (2) a short and plain statement of the claim showing that the pleader is entitled to

relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced

by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and

direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on

clarity and brevity by the federal pleading rules.  As a result, prolix, vague, or

unintelligible pleadings violate the requirements of Rule 8.

 Construing the amended Prisoner Complaint liberally, Mr. McClain contends that

he has been denied adequate medical treatment in violation of his constitutional rights.

However, Mr. McClain fails to provide a short and plain statement of his claims showing

he is entitled to relief because he fails to link the claims he is asserting with any

particular Defendant and he fails to allege what any Defendant did that allegedly

violated his rights.  For example, Mr. McClain's entire first claim for relief in the

amended Prisoner Complaint, which the Court will quote verbatim without correcting or

acknowledging errors in grammar or spelling, is the following:

> Voilation of the (8th/14th) constitutional and amendments
> protecting Inmates Civil Rights to Receive proper medical
> Health care & treatment while they are Legally Incarated or
> Detain or In prisonment In any state or federal facility.
>
> Were as when an federal medical Staff risk or place an
> Inmates life In Dangerment By Deniding (him/her) proper
> medical show criminal misconduct and raceness were it
> could cause Body Harm or wrose and person Death!

(ECF No. 14 at 4.)  Mr. McClain's other claims similarly lack specific factual allegations

linking any particular Defendant to the asserted constitutional violations.  As a result,

Mr. McClain fails to give Defendants fair notice of the specific claims being asserted

against them.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Because Mr. McClain fails to provide a clear and concise statement of the claims he is asserting, the Court finds that the amended Prisoner Complaint must be dismissed for failure to file an amended pleading that complies with Rule 8 as directed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint (ECF No. 1), the amended Prisoner Complaint (ECF No. 14), and the action are dismissed without prejudice pursuant to

Rule 41(b) of the Federal Rules of Civil Procedure because Mr. McClain has failed to

file a pleading that complies with the pleading requirements of the Federal Rules of Civil

Procedure.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied without prejudice to the filing of a motion seeking leave to proceed *in forma*

*pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   30th   day of    October    , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court